PER CURIAM:
Claimant brought this action for damage to her trailer which occurred when her son was towing it with his van while traveling on Fifth Avenue, U.S. Route 60 in Huntington, Cabell County, and the trailer struck a large hole in the road. This portion of U.S. Route 60 is maintained by the respondent in Cabell County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on April 17, 2001, at approximately 3:00 p.m. Claimant’s son, Bill Hutchison, was driving his GMC Van and towing claimant’s trailer eastbound on U.S. Route 60 also known as Fifth Avenue. The trailer is as an eight foot wide Haulmark dual axle trailer. Mr. Hutchison was in the extreme left lane of a five-lane highway. He was traveling at approximately twenty-five miles per hour, which is the posted speed limit, through a straight stretch when suddenly the trailer’s left front tire struck a large hole in the travel portion of the his lane. The impact was serious enough to cut a large hole in the side of the tire causing it to immediately burst. The hole was approximately one and one-half feet in diameter and was approximately six to eight inches deep. Mr. Hutchison stated that he travels this portion of U.S. Route 60 a few times each week, but he has not used the left lane in a long time. He was not aware thatthe hole existed prior to this event. Further, he did not see the hole until a second or two before the trailer struck it. The weather on the date at issue was clear and the road surface was dry. The hole did not have any water in it at the time of this incident. Mr. Hutchison submitted a repair estimate in the amount of $195.00. The damage to the tire and rim was $145.00 plus a $50.00 shipping cost.
Claimant asserts that respondent was negligent in its maintenance of U.S. Route 60 at the location of this incident and that its negligence created a hazardous condition for the traveling public.
Respondent contends that it did not have notice of the hazard at issue and that it had adequately maintained U.S. Route 60 at the location of this incident.
Ernest E. Setliff, employed by respondent in Cabell County as a Crew leader, testified that his responsibilities consist of checking and maintaining the roads under his responsibility. The portion of U.S. Route 60 at issue is under his responsibility. He described U.S. Route 60 as a high priority road and one that is heavily traveled. Mr. Setliff was aware of this particular hole as it had been patched on at least two prior occasions. He described the hole as being six to eight inches deep. He also stated that this area is a problem area for holes because water comes from the sidewalk onto the road. The water gets under the road surface causing it to break and causing more holes. In his opinion, the roadway is built too close to the sidewalk at this location which causes the water to flow onto the road. However, prior to April 17, 2001, Mr. Setliff could not recall the last time the hole was patched without checking his “time sheet”. Respondent introduced a DOT-12 into evidence, which is also known as a “time sheet”. It was dated April 5, 2001, and was prepared by Mr. Setliff. It states that respondent used a tenth of a ton of cold mix to patch holes on *173 U.S. Route 60. Mr. Setliff testified that he recalls patching the area on Route 60 between 20lh and 22nd Streets which he believes covers the area at issue in this claim. However, there is no mention on the DOT-12 that this portion of Route 60 was, in fact, repaired.
It isawell established principle oflawinthis State that respondent is neither an insurer nor a guarantor of the safety of motorists on its roads or highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to make adequate repairs. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Mr. Hutchison testified that he stopped his vehicle to observe the hole just after the incident and observed that it was within his lane of travel. He also submitted into evidence photographs of the location taken one or two days after the incident. However, by the time he got back to the location to take the photographs respondent had already patched the hole. The photographs depict extra concrete and debris around the area indicating thatpatching had been performed very recently. Based upon these photographs, it is evident that the hole or holes patched were within the travel portion of Mr. Hutchinson’s lane of travel. In this claim, the evidence established that this portion of U.S. Route 60 presented a hazard to the traveling public. The size of the hole, its location in the travel portion of the highway, and the fact that respondent knew that it existed leads the Court to conclude that respondent had notice of this hazardous condition and had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damages to her trailer.
Accordingly, the Court makes an award to claimant in the amount of $195.00.
Award of $195.00.